UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, CDCR #D-11772,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>D. CHALMERS; M. POLLARD,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02081-LAB-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Ferdinand Reynolds ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se in this action seeking damages and injunctive relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12132, and for violations of the Fourteenth Amendment under 42 U.S.C. Section 1983.  (*See generally* ECF No. 1, Compl.)

Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis

("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF No. 2.)

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances.  (*See* ECF No. 4, at 2-3.)  These documents show that although Plaintiff carried an average monthly balance of $21.99 and had average monthly deposits to his trust account of $16.67 for the six months preceding the filing of this action, Plaintiff had an available balance of just $0.10 at the time of filing.  (*See id.*)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and declines to impose a partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it."  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  Instead, the Court directs the Secretary of the CDCR, or her designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section1915(b)(1).

**II.    Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion

of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Factual Allegations</u>

Plaintiff's allegations focus on two separate issues: (1) an alleged violation of the ADA by Defendant Chalmers, a correctional officer at RJD, and (2) an RJD policy regarding use of prisoner funds to satisfy restitution obligations, approved by the warden

of RJD, Defendant Pollard, which Plaintiff alleges violates the equal protection clause of the Fourteenth Amendment. (*See* Compl. at 3-5.)

First, as to his ADA claim, Plaintiff alleges that he has a verified hearing disability. (*See id.* at 3.) Under a CDCR policy, prisoners with hearing disabilities allegedly "may be allowed additional time to use the telephone in the Housing Unit so . . . long as they have obtained permission from the Unit Control Booth Officer on duty . . . ." (*See id.* (citing 15 Cal. Code Reg. § 3282(h)(1)).) On May 15, 2020, Plaintiff had a 15-minute call scheduled with his attorney. (*See id.*) Prior to the call, Plaintiff received permission from the relevant control booth officer to use the phone for an extra five minutes due to his hearing disability. (*See id.*)

When his phone call was finished 20 minutes later, Plaintiff was confronted by Defendant Chalmers "who threatened me by telling me that my scheduled phone call was supposed to be" only 15 minutes. (*See id.*) Plaintiff explained the CDCR policy allowing him five extra minutes on account of his hearing disability, as well as a sanitation policy adopted by the prison that delayed the start of his call by 10 minutes. (*See id.*) Defendant Chalmers allegedly told Plaintiff that the phones he used were not intended to be used for attorney phone calls, and told Plaintiff "that if he ever finds out that [Plaintiff has] been using the Housing Unit Pay Phones in the future to speak to an attorney, then he would punish me with further disciplinary actions[.]" (*See id.* at 4.) Plaintiff received a "warning chrono" "confirming [Chalmers'] threat against [Plaintiff] that [he is] not to use the Inmate's authorized Pay Phone in the Housing Unit to call an attorney unless [he] first obtain[s] authorization from the prison litigation coordinator." (*See id.*) Additionally, Plaintiff alleges that when he told Defendant Chalmers that was "in violation of the American [sic] Disability Act by discriminating and harassing ADA inmates," Chalmers "ripp[ed] down the ADA Retaliation Bulletin from the Unit #5 Housing Unit Office Window . . . ." (*See id.*)

Second, separately from his ADA claim, Plaintiff alleges that an RJD policy regarding use of prisoner funds to satisfy restitution obligations violates the equal

protection clause of the Fourteenth Amendment.  (*See id.* at 5.)  According to Plaintiff, when a prisoner who owes restitution or fines receives funds from friends and family, jobs, or other sources, 55% of those funds are deducted and applied to a prisoner's outstanding restitution or fines.  (*See id.*)  If, however, a prisoner receives a settlement check from the CDCR, "then [p]rison [o]fficials use the entire settlement check to pay off the [p]risoner's restitution/fine **without** ever deducting from such settlement check . . . ."  (*See id.* (emphasis in original).)  Defendant Pollard, the warden of RJD, allegedly adopted this policy, which Plaintiff argues results in unequal treatment in violation of the Fourteenth Amendment.  (*See id.*)

Plaintiff seeks $25,000 in damages from Defendant Chalmers and an order directing that the warning chrono be removed from Plaintiff's file.  (*See id.* at 8.)  Plaintiff also seeks injunctive relief requiring RJD "to provide better accommodations for [h]earing [i]mpaired [i]nmates to be able to use the payphones [sic] without being punished[.]"  (*See id.*)  With respect to his second claim against Defendant Pollard, Plaintiff seeks $25,000 in compensatory damages, $25,000 in punitive damages, and injunctive relief directing that all inmates be required to pay 55% toward restitution and fines.  (*See id.*)

C. <u>Analysis</u>

1. Defendant Chalmers

As mentioned, Plaintiff's claim against Defendant Chalmers arises under the ADA. Title II of the ADA provides that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132; *see also McGary v. Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).  "The ADA thus not only prohibits public entities from discriminating against the disabled, it also prohibits public entities from *excluding* the disabled from participating in *or* benefiting from a public program, activity, or service 'solely by reason of disability.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690-91 (9th Cir. 2001) (emphasis in original).

The ADA applies to state prisons. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524

U.S. 206, 209 (1998).  Nevertheless, ADA claims in the prison context "must be analyzed 'in light of effective prison administration.'"  *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1216 (9th Cir. 2008) (quoting *Gates v. Rowland*, 39 F.3d 1439, 1446 (9th Cir. 1994)). Accordingly, to prevail on an ADA claim in the prison context, "inmates must show that the challenged prison policy or regulation is unreasonable."  *See id.* at 1216-17 (citing *Gates*, 39 F.3d at 1447).

As an initial matter, the Ninth Circuit has held that Title II of the ADA allows prisoners to bring suit against state officials in their official, not individual, capacities.  *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).  As a result, Plaintiff's claim against Defendant Chalmers in his individual capacity must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b).

The remainder of Plaintiff's ADA claim must be dismissed because Plaintiff has not alleged that he "was either excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise discriminated against by the [prison]," *see McGary*, 386 F.3d at 1265, "*by reason of [his] disability*."  *See* 42 U.S.C. § 12132 (emphasis added).  Although Plaintiff alleges that he has a qualifying disability, he does not allege that he has been denied access to the phones in the prison housing unit as a result of his disability, or that he has been denied the extra time for calls that he alleges he is entitled to under state regulations.  (*See* Compl. at 3-4.)  On the contrary, Defendant Chalmers allegedly told Plaintiff not to use the housing unit phones to call attorneys without prior authorization, not that Plaintiff could not use the phones in the housing unit either generally or to speak to attorneys.  (*See* Compl. at 4.)  Nor does Plaintiff allege that Defendant Chalmers's denied Plaintiff the additional time he alleges he needs to use the phones on account of his disability.  (*See id.* at 4.)   In the absence of allegations demonstrating exclusion from participation, denial of benefits, or discrimination on account of Plaintiff's disability, Plaintiff has not stated a plausible claim for relief under the ADA.  *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (explaining that the "exclusion, denial of benefits, or discrimination" must occur "by reason of the plaintiff's

disability" (citation omitted)); *see also MacDonald v. Schriro*, No. CIV-04-1001-PHX-SMM (MHB), 2007 WL 4404880, at *2 (D. Ariz. Dec. 14, 2007) (alleging "constitutional violation [that] were the result of general policies, customs, and practices unrelated to any disability" was insufficient to state an ADA claim). Furthermore, Plaintiff has not explained why the restrictions imposed on use of housing unit phones for attorney calls are unreasonable. *See Pierce*, 526 F.3d at 1216-17 (citing *Gates*, 39 F.3d at 1447).

Finally, to recover damages under Title II of the ADA, Plaintiff must show discriminatory intent. *See Updike v. Multnomah Cnty.*, 870 F.3d 939, 950 (9th Cir. 2017) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998), *as amended* (Oct. 8, 1998)). "To show intentional discrimination, this circuit requires that the plaintiff show that a defendant acted with 'deliberate indifference,' which requires 'both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* at 950-51 (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)). For the same reasons that Plaintiff fails to allege that Defendant Chalmers' actions were taken on account of Plaintiff's disability, Plaintiff has failed to allege intentional discrimination on Chalmers' part.

Accordingly, Plaintiff's ADA claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

### 2. Defendant Pollard

Plaintiff's second claim, an equal protection claim against Defendant Pollard, is wholly unrelated to his ADA claim against Defendant Chalmers. (*See* Compl. at 3-5.) Federal Rule of Civil Procedure 20 provides that a plaintiff may bring claims against several defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2)(A)-(B).

Plaintiff's Complaint do not plausibly allege that his claims against Defendants Chalmers and Pollard arose out of the "same transaction, occurrence, or series of

transactions or occurrences." *See id.* Accordingly, the Court finds that these claims are misjoined and therefore applies Rule 21. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Under Rule 21, when the Court finds misjoinder, "on its own," the Court may "drop a party" or "sever any claim against a party." *See* Fed. R. Civ. P. 21. The Court therefore severs Plaintiff's claims against Defendant Pollard from this action and directs the Clerk of the Court to terminate Defendant Pollard as a party. Plaintiff may, if he chooses, pursue these claims by filing a separate action against Defendant Pollard.

### III.   Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from the full $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Defendant Pollard pursuant to Federal Rule of Civil Procedure 21 and without prejudice to re-filing in a separate action. The Court further **DIRECTS** the Clerk of the Court to terminate Defendant Pollard as a party.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1).

6. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted as

to Defendant Chalmers only. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on the Court's lack of subject-matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: January 29, 2021

Hon. Larry A. Burns
United States District Judge