UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, CDCR #D-11772,<br><br>Plaintiff,<br><br>vs.<br><br>D. CHALMERS,<br><br>Defendant. | Case No.: 3:20-cv-02081-LAB-AGS<br><br>**ORDER:**<br><br>**1) REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO 28 U.S.C. § 1915(g);**<br><br>**2) DENYING AS MOOT MOTION FOR RECONSIDERATION OF PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF No. 8);**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Ferdinand Reynolds ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and *in forma pauperis* ("IFP") in this action seeking damages and injunctive relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12132. (*See generally* ECF No. 6, FAC.)

The Court previously granted Plaintiff leave to proceed IFP but dismissed his initial Complaint (ECF No. 1) for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b) and granted leave to amend. (*See* ECF No. 5, at 9–10.) Plaintiff timely filed a First Amended Complaint, and subsequently filed a motion for reconsideration of the Court's order granting IFP status. (*See generally* FAC; *see also* ECF No. 8.)

**I.     Revocation of IFP Status**

   A.     Standard of Review

As mentioned, the Court previously granted Plaintiff leave to proceed IFP and dismissed his initial Complaint for failure to state a claim. Nevertheless, IFP status may be revoked at any time, either on motion or sua sponte, if the Court determines that such status should not have been granted. *See, e.g.*, *Schwerdtfeger v. Paramo*, No. 19-cv-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021) (collecting cases).

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter

"*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

\\\

The Court has reviewed both Plaintiff's initial Complaint and his First Amended Complaint and find that neither document contains "plausible allegations" to suggest that Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *See Andrews*, 398 F.3d at 1119-20.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that Plaintiff Ferdinand Reynolds, identified as CDCR Inmate #D-11772, while incarcerated, has had at least three prior "action[s] or appeal[s]" dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

    (1) *Reynolds v. Garcia, et al.*, No. 04-56808 (9th Cir. Feb. 15, 2005), Dkt. Nos. 5, 8 (concluding that Plaintiff was not entitled to IFP status on appeal because, as the district court concluded, Plaintiff's appeal was

\\\
\\\
\\\

4

3:20-cv-02081-LAB-AGS

not taken in good faith, and ultimately dismissing appeal for failure to prosecute) (strike one);[1]

(2) *Reynolds v. Director of Corrections*, No. 5:06-cv-1604-JF (N.D. Cal. Nov. 17, 2008), ECF No. 16 (dismissing action for failure to state a claim upon which relief may be granted after Plaintiff failed to file amended complaint) (strike two);[2]

(3) *Reynolds v. Major*, No. 3:10-cv-05917-CRB (N.D. Cal. Nov. 17, 2011), ECF No. 16 (dismissing action for failure to file amended complaint after earlier order dismissing complaint with leave to amend for failure to state a claim) (strike three).[3]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by 28 U.S.C. Section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180; *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right."). As a result, the Court revokes Plaintiff's IFP status in this case. *See* 28 U.S.C. § 1915(g). Plaintiff may proceed with this action only after paying the filing fee. *See Rodriguez*, 169 F.3d at 1180. To that end, the Court grants Plaintiff

---

[1] *See, e.g.*, *Richey v. Dunn*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that a denial of a request to proceed IFP on appeal on the grounds that the appeal was frivolous was a "strike" under 28 U.S.C. Section 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee."); *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (concluding that dismissed appeals counted as "strikes" "because they relied on district court findings that the appeal '[was] not taken in good faith,' . . . and lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." (citation omitted)).

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[3] *See Harris*, 863 F.3d at 1143.

leave to pay the civil filing fee within **forty-five (45) days** of this order. If Plaintiff does not pay the civil filing fee within that time or seek an extension of time in which to do so upon a showing of good cause, the Court will enter a final judgment of dismissal.

Because the Court has revoked Plaintiff's IFP status, his Motion for Reconsideration (ECF No. 8) of the Court's order granting him IFP status is moot. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

## II.     Conclusion and Orders

Good cause appearing, the Court:

1.     **REVOKES** Plaintiff's IFP status pursuant to 28 U.S.C. Section 1915(g);

2.     **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 8) as moot;

3.     **DISMISSES** this civil action sua sponte without prejudice for failure to prepay the civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

4.     **GRANTS** Plaintiff **forty-five (45) days** leave in which to pay the civil filing fee and have the case reopened. If Plaintiff fails to pay the civil filing fee within that time or seek an extension of time in which to do so upon a showing of good cause, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated: June 28, 2021

*Larry A. Burns*
Hon. Larry A. Burns
United States District Judge