UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, CDCR #D-11772,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>D. CHALMERS,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-02081-LAB-AGS<br><br>**ORDER DENYING REQUEST TO REINSTATE IN FORMA PAUPERIS STATUS [DKT. 14]** |

On October 21, 2020, Plaintiff Ferdinand Reynolds, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding *pro se*, filed this action seeking damages and injunctive relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and for violations of the Fourteenth Amendment under 42 U.S.C. § 1983. (Dkt. 1, Complaint ("Compl.")). Reynolds didn't prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2). On January 29, 2021, the Court granted Reynolds's IFP and dismissed the Complaint with leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 915(e)(2)(B)(ii) and § 1915A(b)(1). (Dkt. 5).

On March 3, 2021, Reynolds filed an Amended Complaint ("FAC"), which also sought damages and injunctive relief for alleged violations of the ADA. (Dkt. 6, FAC). On June 29, 2021, the Court revoked his IFP status pursuant to 28 U.S.C. § 1915(g) because he had, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted." (Dkt. 9); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). This subdivision is "commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). The "strikes" identified by the Court were:

1. *Reynolds v. Garcia, et al.*, No. 04-56808 (9th Cir. Feb. 15, 2005), Dkt. 5, 8 (concluding that Plaintiff was not entitled to IFP status on appeal because, as the district court concluded, Plaintiff's appeal was not taken in good faith, and ultimately dismissing appeal for failure to prosecute) (strike one);
2. *Reynolds v. Director of Corrections*, No. 5:06-cv-1604-JF (N.D. Cal. Nov. 17, 2008), Dkt. 16 (dismissing action for failure to state a claim upon which relief may be granted after Plaintiff failed to file amended complaint) (strike two); and
3. *Reynolds v. Major*, No. 3:10-cv-05917-CRB (N.D. Cal. Nov. 17, 2011), Dkt. 16 (dismissing action for failure to file amended complaint after earlier order dismissing complaint with leave to amend for failure to state a claim) (strike three).

The Court also reviewed both the original Complaint and FAC in this case and found that neither document contains "plausible allegations" to suggest that Reynolds "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)).

On October 14, 2021, Reynolds filed a document entitled, "Plaintiff's Request For The Court to Reinstate IFP Status." (Dkt. 14). He claims that *Reynolds v. Garcia*, et al., No. 04-56808 (9th Cir. Feb. 15, 2005), was not dismissed as frivolous and disputes that the case counts as a "strike" under 28 U.S.C. § 1915(g). (Dkt. 14 at 1). But as the Court noted in its Order revoking Reynolds's IFP status, "[s]trikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

In its March 3, 2021 Order, this Court concluded that *Reynolds v. Garcia, et al.*, No. 04-56808 (9th Cir. Feb. 15, 2005) counted as a strike because the Ninth Circuit denied Reynolds's IFP status on appeal, finding that his appeal was not taken in good faith. *Id.* The Court ultimately dismissed the appeal for failure to prosecute. *Id*. In *Richey v. Dunn*, 807 F.3d 1202, 1208 (9th Cir. 2015), the Ninth Circuit found that a denial of a request to proceed IFP on appeal on the grounds that the appeal was frivolous was a "strike" under 28 U.S.C. Section 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee." *See also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (concluding that dismissed appeals count as "strikes" "because they relied on district court findings that the appeal '[was] not taken in good faith,' . . . and lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity."

(citation omitted)).

Plaintiff's Request For The Court to Reinstate IFP Status (Dkt. 14) is **DENIED**. The Clerk of Court is ordered to terminate this case.

**IT IS SO ORDERED.**

Dated: October 26, 2021

*Larry A. Burns*

Honorable Larry A. Burns
United States District Judge